

FILED

January 5, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:13 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Timeka Smith, | ) | Docket No.: 2015-01-0101 |
| Employee, | ) | |
| v. | ) | State File No.: 28566-2015 |
| | ) | |
| Chattanooga Area Regional Transit | ) | Judge: Thomas Wyatt |
| Authority, | ) | |
| Employer, | ) | |
| And | ) | |
| | ) | |
| Tennessee Municipal League Risk | ) | |
| Management Pool, | ) | |
| TPA/Insurance Carrier. | ) | |
| | ) | |
| | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

THIS CAUSE came before the undersigned workers' compensation judge on the Request for Expedited Hearing (REH) filed December 4, 2015, by the employee, Timeka Smith. Ms. Smith later supplemented her REH with a Statement Supporting Request for Expedited Hearing and Motion for Attorney's Fees.[1] The employer's, Chattanooga Area Regional Transit Authority's (CARTA's), December 10, 2015 response included a Motion for Clarification of Expedited Hearing Order. CARTA did not object to Ms. Smith's request for a review of the file without an evidentiary hearing.

This REH focuses on the interpretation of the medical benefits award made in the Court's August 26, 2015 Expedited Hearing Order. Ms. Smith claims the order required CARTA to provide her both a panel of neurologists and a panel of occupational medicine/toxicologists from which to select authorized physicians to treat her work

---

[1] Ms. Smith attempted to file the supplemental statement and motion on December 7, 2015. (T.R. 7.) Due to technical reasons, the Clerk did not receive the email transmitting the supplementation for filing. The Clerk asked Ms. Smith's attorney to refile the supplementation on December 18, 2015. Ms. Smith's attorney did so immediately. (T.R. 4.), CARTA received a copy of Ms. Smith's supplementation on December 7, 2015. (T.R. 6 at 4.)

1

injuries. CARTA, on the other hand, contends the order allowed it, and not Ms. Smith, to select between the options for treatment listed in the order. For the reasons set forth below, the Court finds that Ms. Smith is entitled to select a physician from the panel CARTA proffered on November 23, 2015, for on-going authorized treatment of her work-related injuries.[2]

*Procedural Background.*

This claim previously came before the Court on August 4, 2015, for an in-person Expedited Hearing. (T.R. 1 at 1.) At the time of the previous hearing, Ms. Smith was not receiving workers' compensation benefits because CARTA and its carrier denied the compensability of her claim. *Id.* at 4. On August 26, 2015, the Court issued an order awarding Ms. Smith benefits for her April 10, 2015 work-related injury, ordering the following specific to CARTA's provision of medical benefits: "CARTA or its workers' compensation carrier shall provide Ms. Smith with medical treatment for her injury as required by Tennessee Code Annotated section 50-6-204, to be initiated by CARTA or its workers' compensation carrier authorizing either Dr. Terry W. Smith or Dr. Abdul Hafiz Eletr as the ATP, or, if Ms. Smith requests, by providing her a panel of physicians as required by that statute."[3] *Id.*

Counsel for Ms. Smith and CARTA differed in their interpretation of the Court's medical benefits award. The parties reported this dispute to the Court during a November 3, 2015 Initial Hearing. (T.R. 2.) Following the Initial Hearing, the Court ordered the parties to either reach an agreement or file pleadings to bring the dispute formally before the Court. *Id.* Ms. Smith filed this REH on December 4, 2015. (T.R. 3.) CARTA's response asked the Court to clarify its award of Medical Benefits.[4] (T.R. 6.)

*The Court's Previous Award of Medical Benefits.*

The Court found in its August 26, 2015 order that Ms. Smith justifiably sought treatment of her work injury on her own after CARTA denied her claim. Additionally, the Court cited the Tennessee Workers' Compensation Appeals Board's decision in *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *7 (Tenn. Workers' Comp. App. Bd. March 27, 2015), in support of its award of medical benefits, relying on the following language: "an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits

---

[2] A listing of the exhibits and the portions of the Technical Record considered by the Court in the determination of this REH is appended to the end of this order.

[3] Ms. Smith selected Dr. Terry Smith from CARTA's panel at the inception of the claim. He provided authorized treatment until CARTA denied the claim. Ms. Smith saw Dr. Abdul Hafiz Eletr, a neurologist, on her own after CARTA and its carrier denied her claim.

[4] CARTA's response contains the following statement in bold type: "[t]his pleading shall also serve as a response to the Employee's Request for Expedited Hearing filed on December 4, 2015[.]" (T.R. 6 at 2-3.) Accordingly, the Court considers CARTA's filing as its substantive response to Ms. Smith's REH.

obtained *from a medical provider of the employee's choice.*" (Emphasis added.)

The Court's use of the phrase "if Ms. Smith requests" in its August 26, 2015 order clearly gave Ms. Smith, and not CARTA, the right to select the authorized treating physician. In the interest of avoiding further interpretative volleying, the Court here holds that its August 26, 2015 order gave Ms. Smith the right to select an authorized treating physician from the options listed in the order.

*Ms. Smith's Claim for Medical Benefits.*

On September 9, 2015, Ms. Ware, Ms. Smith's attorney, emailed CARTA's attorney, Mr. Batson, requesting authorization for her client to see a "specialist." On September 24, 2015, Ms. Ware requested authorization for Ms. Smith to see Dr. Eletr. This request communicated payment arrangements required by Dr. Eletr that did not comply with those prescribed by the Workers' Compensation Law. *Id.* at 3.

Mr. Batson responded by letter dated September 29, 2015, "Dr. Eletr is not considered by my client to be the authorized treating physician." *Id.* at 4. Later in the letter, Mr. Batson informed Ms. Ware CARTA would authorize Ms. Smith to see Dr. Terry Smith for future authorized care. *Id.* Ms. Ware responded as follows by letter also dated September 29, 2015: "[i]n the event that you will not authorize treatment with Dr. Eletr under those [payment] options, please consider this as Ms. Smith's *official request for a specialty panel* as recommended by Dr. Smith and as Ordered by the Court for further evaluation and treatment." (Emphasis original.) *Id.* at 7.

CARTA offered two panels in response to Ms. Smith's request for a "specialty panel." CARTA communicated the first panel by letter dated October 13, 2015. (T.R. 5 at 10.) This panel listed two occupational medicine physicians in Chattanooga and a neurologist in Smyrna, Tennessee. *Id.* at 11. On November 23, 2015, CARTA revised the panel because one of the occupational physicians was unavailable to treat Ms. Smith. *Id.* at 15. The revised panel included another Chattanooga occupational physician. *Id.* at 15. Via email dated December 2, 2015, Ms. Ware rejected the revised panel on Ms. Smith's behalf because it consisted of non-neurologists and, further, because the two occupational physicians are allegedly associated in practice. *Id.* at 20.

In the Statement supplementing her REH, Ms. Smith prayed for the following relief: "an Order compelling the Employer to provide a proper neurology panel as well as the occupation medicine/toxicology panel[.]"[5] (T.R. 4 at 4.) Ms. Smith also asked that the Court impose penalties for CARTA's failure to provide Medical Benefits under its August 26, 2015 order and require CARTA to pay a fee to her attorney for services

---

[5] Dr. Terry Smith's July 8, 2015 office note indicates he referred Ms. Smith for "occupational medicine/toxicology" treatment. (Ex. 1; Ex. 2 at 3.)

3

rendered in enforcing the Court's order.

In determining the issues raised by the parties here, the Court first finds that CARTA was incorrect in its assessment that the August 26, 2015 order did not bind it to accept Dr. Eletr as authorized treating physician should Ms. Smith select to treat with Dr. Eletr. The Court's previous order clearly gave Ms. Smith the right to select Dr. Eletr as authorized treating physician. However, implicit in the Court's previous order is the requirement that the authorized treating physician consent to bill for his or her services under the fee schedule developed by the Bureau of Workers' Compensation pursuant to Tennessee Code Annotated section 50-6-204(i) (2015). The Court found no authority supporting the proposition that, under any circumstances, a Court can compel an employer to authorize treatment by a physician who does not consent to bill under the statutory fee schedule.

The Court next addresses whether the most recent panel proffered by CARTA complied with its August 26, 2015 order. The Court looks to Dr. Terry Smith's recommendations to determine whether the proffered panel so complied. Dr. Smith's July 8, 2015 office note indicates he discussed Ms. Smith's future medical needs after consultation with Dr. Eletr's recommendations. (Ex. 1; Ex. 2 at 3.) In his July 8, 2015 office note, Dr. Smith recommended that Ms. Smith treat "with [a] toxicologist or Occupational Medicine specialist who does have more expertise in evaluating short term and long term effects of the complex mixture of chemicals inhaled with diesel fume exposures." (Ex. 1; Ex. 2 at 3.)

Ms. Smith incorrectly argues that Dr. Smith limited her on-going treatment to that provided by a neurologist. It is true that Dr. Smith ordered a "Neurology consult," but he did so on June 6, 2015, before he had the benefit of having reviewed Dr. Eletr's records. (T.R. 4 at 18.) When he made his treatment recommendation on July 8, 2015, Dr. Smith indicated he did so "[a]fter reviewing Ms. Smith's records in consultation particularly with Dr. Eletr." (Ex. 1; Ex. 2 at 3.) In view of Dr. Smith's July 8, 2015 note, the Court finds that CARTA's placement of occupational medicine physicians on the panel it proffered Ms. Smith complied with the Court's August 26, 2015 order.[6] Because Ms. Smith's attorney specifically asked for neurological care for her client, the Court finds that CARTA's placement of a neurologist on the panel also complied with the Court's order.

In view of the above discussion, the Court finds that, in furtherance of her September 29, 2015 request for a specialty panel, Ms. Smith must select an authorized treating physician from the panel CARTA proffered her on November 23, 2015. Because CARTA's panel complied with the Court's previous order and its refusal to authorize

_____

[6] Ms. Smith also complained that the panel did not comply with Tennessee law because the two occupational medicine doctors listed practice together. Ms. Smith did not submit sufficient evidence for the Court to find that Drs. Eldurkar and Lundy are associated in practice.

4

treatment by Dr. Eletr came at a time when Dr. Eletr required payment arrangements beyond those compliant with the workers' compensation fee schedule, the Court overrules Ms. Smith's Motion for Attorney's Fees. The Court also declines to refer this matter to the Bureau's penalty program for consideration of the imposition of a penalty.[7]

**IT IS, THEREFORE, ORDERED** as follows:

1. CARTA and its carrier shall provide medical care for Ms. Smith's work-related injuries as required by Tennessee Code Annotated section 50-6-204, to be initiated by Ms. Smith's selection of a physician from the panel proffered by CARTA on November 23, 2015. Ms. Smith and/or the authorized the medical providers shall furnish CARTA or its workers' compensation carrier bills for the charges incurred for compensable care.

2. Ms. Smith's request that the Court impose a penalty on CARTA and its carrier is denied.

3. Ms. Smith's Motion for Attorney's Fees is denied.

4. This matter is set for a Status Conference on January 7, 2016, at 10:00 a.m. Eastern Time.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

---

[7] Tennessee Code Annotated section 50-6-238(a)(4) (2015) lists the following as a duty of a workers' compensation judge: "to compel obedience to their judgments, orders and process through the assessment of a penalty as provide in § 5-6-118." Section 5-6-118, in turn, states that *the bureau* of workers' compensation shall . . . establish and collect penalties[.] *See also* Tenn. Code Ann. § 50-6-118(a) (2015), providing, *"The bureau of workers, compensation shall . . . establish and collect penalties[.]"* (Emphasis added.). The "Claims Handling Standards" provide that, "In addition to other penalties provided by applicable law and regulation, violations of any of the above rules shall be subject to enforcement by Commissioner of the Tennessee Department of Labor pursuant to TCA §50-6-419(c)." Tenn. Comp R. & Regs. 0800-2-14-.08(1) (2015). Further, "[i]n addition to referrals made by a workers' compensation judge, any [Bureau] employee may refer any person or entity to the penalty program for the assessment of a civil penalty whenever the referring employee believes that there may have been a violation of the [Bureau's] rules or the Tennessee Workers' Compensation Act." Tenn. Comp. R. & Regs. 0800-02-24-.03 (2015). In view of the above authority, this Court is not empowered to assess penalties, but rather may refer matters to the penalty program.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 5th day of January, 2016.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims** at 10:00 a.m. Eastern Time, on January 7, 2016. **You must call 615-741-3061 or toll-free at 855-747-1721 to participate in the Status Conference.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board

will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

Exhibits:

1. Dr. Terry W. Smith's July 8, 2015 office note (marked as Exhibit 5 during the previous Expedited Hearing);
2. Records of Dr. Terry W. Smith (marked as Exhibit 6 during the previous Expedited Hearing);
3. Records of Dr. Abdul Hafiz Eletr (marked as Exhibit 8 during the previous Expedited Hearing);

Technical Record:

1. Expedited Hearing Order for Temporary Partial Disability and Medical Benefits, filed August 26, 2015;
2. Status Conference Order, filed November 12, 2015;
3. Request for Expedited Hearing filed December 4, 2015, including accompanying affidavit of Timeka Smith, filed December 4, 2015;
4. Ms. Smith's Statement Supporting Request for Expedited Hearing for Medical Benefits and Motion for Attorney's Fees, filed December 18, 2014;[9]
5. Exhibits to Ms. Smith's Statement Supporting Request for Expedited Hearing for Medical Benefits and Motion for Attorney's Fees (described in the court file as "Medical Records 12-21-15"), filed December 21, 2015.[10] This compilation includes the following exhibits, which are identified as they are in the filing:
   A. email and letter correspondence between Ms. Ware and Mr. Batson;
   B. Mr. Batson's October 13, 2015 letter to Ms. Ware with enclosed panel form; and
   C. email and letter correspondence between Ms. Ware and Mr. Batson, with enclosed amended panel form; and
   D. Medical records of Dr. Terry Smith.
6. CARTA's Motion for Clarification of Expedited Hearing Order for Temporary Total Disability and Medical Benefits and Response to Employee's Request for Expedited Hearing filed December 10, 2015. The compilation contains the following exhibits, which are identified as they are in the filing:
   1. email correspondence between Ms. Ware and Mr. Batson;

---

[8] The Court lists here only the exhibits and items in the Technical Record marked and considered in connection with this Request for Expedited Hearing.
[9] See footnote 1, *infra.*
[10] The Clerk received these documents on December 18, 2015, with the re-sent Statement Supporting Request for Expedited Hearing for Medical Benefits and Motion for Attorney's Fees.

2. Mr. Batson's September 29, 2015 letter to Ms. Ware;
3. Ms. Ware's September 29, 2015 letter to Mr. Batson;
4. Mr. Batson's October 13, 2015 letter to Ms. Ware;
5. Mr. Batson's November 23, 2015 email to Ms. Ware;
6. C. V. of Dr. Jayant Eldurkar;
7. Ms. Ware's December 3, 2015 email to Mr. Batson; and
8. Dr. Terry Smith's July 8, 2015 letter.

7. December 7, 2015 email from Ms. Smith's attorney to the Clerk of the Tennessee Court of Workers' Compensation Claims attempting to file her Ms. Smith's Statement Supporting Request for Expedited Hearing for Medical Benefits and Motion for Attorney's Fees (described in the court file as "EE's 12-7-15 email attempting to file Statement Supporting REH and Motion for Atty fees."

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order for Temporary Partial Disability and Medical Benefits was sent to the following recipients by the following methods of service on this the 5th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Carmen Y. Ware, Attorney | | | X | cyware@thewarelawfirm.com |
| John Batson, Attorney | | | X | jbatson@watsonroach.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov